IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALAREN L. FRAZIER, | | |
| | Petitioner, | No. 2:12-cv-0932 MCE KJN P |
| vs. | | |
| W.J. SULLIVAN, Warden, | | |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. Petitioner did not file a timely opposition. On July 26, 2012, the court directed petitioner to show cause why his failure to oppose the motion should not be deemed a waiver of opposition to the motion, and provided petitioner an additional thirty days in which to file an opposition. Petitioner did not respond to the order to show cause or file an opposition to the motion. For the reasons set forth below, the undersigned finds that respondent's motion to dismiss should be granted.

II. Statutory Filing Deadlines

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act

("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted on January 18, 2007, of first degree robbery, first degree residential burglary, felon in possession of a firearm, possession of a controlled substance, two counts of vehicle theft, and five counts of receiving stolen property. (Respondent's Lodged Document ("LD") No. 1.) Petitioner was sentenced to 36 years to life in state prison. (Id.)

2. Petitioner filed a timely appeal of the conviction. On January 30, 2009, the California Court of Appeal for the Third Appellate District reversed one of the receiving stolen property convictions, reversed the sentence imposed for the two vehicle theft convictions, and remanded the case for re-sentencing. (LD No. 2.) Petitioner's conviction was affirmed in all

other respects.  (Id.)

    3.  Petitioner did not seek review in the California Supreme Court.

    4.  On April 14, 2010, a second amended abstract of judgment was filed, updating the number of days petitioner was credited with time served and good conduct credits, which were not credited in the first amended abstract of judgment.  (LD Nos. 3-4.)

    5.  On July 27, 2010, the California Court of Appeal for the Third Appellate District issued its opinion affirming the judgment.  (LD No. 5.)

    6.  Petitioner did not seek direct review in the California Supreme Court.

    7.  On January 23, 2010,[1] petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court.  (LD No. 6.)  The San Joaquin County Superior Court denied the petition in a reasoned decision issued March 10, 2010.  (LD No. 7.)

    8.  On April 22, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (LD No. 8.)  On June 3, 2010, the Court of Appeal denied the petition without comment.  (LD No. 9.)

    9.  On June 30, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[2]  (LD No. 10.)  On February 16, 2011, the California Supreme Court denied the petition without comment.  (LD No. 11.)

    10.  Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on March 1, 2012.  (Dkt. No. 1.)

////

---

[1] Petitioner's first and second state petitions were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing, and applies to both state and federal filings by incarcerated parties).

[2] This filing was not given benefit of the mailbox rule because the date set forth on the petition is cut off and not fully legible.  (LD No. 10.)  The date appears to be June 10, 2010, but it could also be June 18 or 16, 2010.  However, as discussed below, the difference in filing date is of no consequence because this filing was made prior to the commencement of the federal statute of limitations period.

On July 27, 2010, the California Court of Appeal for the Third Appellate District affirmed the conviction. (LD No. 5.) Petitioner did not seek review in the California Supreme Court. Thus, the state appeal process became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on September 5, 2010, forty days after the California Court of Appeal filed its decision. See Cal. Ct. R. 8.264(b)(1), 8.500(e); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). The one-year limitations period commenced running the following day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until September 6, 2011, to file his federal habeas petition. However, he did not file the instant petition until March 1, 2012. Absent tolling, the federal petition is more than five months late.

Here, petitioner is not entitled to statutory tolling for his first two habeas petitions filed in state court because each was filed and concluded prior to the commencement of the federal statute of limitations period. In other words, the federal statute of limitations period did not commence until September 6, 2010, and the Court of Appeal for the Third Appellate District denied petitioner's second state habeas petition on June 3, 2010, before the statute of limitations period began. A collateral challenge filed prior to the commencement of the federal statute of limitations period has no tolling effect. Waldrip, 548 F.3d at 735. Therefore, petitioner's first two habeas petitions filed in state court offer petitioner no statutory tolling.

The third habeas petition filed in the California Supreme Court is entitled to partial tolling. Because the petition was filed on June 30, 2010, prior to the commencement of the limitations period, petitioner is not entitled to tolling from June 30, 2010, until September 5, 2010. Waldrip, 548 F.3d at 735. However, petitioner is entitled to statutory tolling from September 6, 2010, the date the federal limitations period commenced, and February 16, 2011, the date the California Supreme Court denied the petition. Therefore, the statute of limitations period is extended 163 days.

However, the limitations period is not tolled between the denial by the California Supreme Court and the filing of the federal habeas petition. 28 U.S.C. § 2244(d)(2); see also

Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) ("[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation.")  Because the statute of limitations period was partially tolled during the pendency of the habeas petition in the California Supreme Court, the statute of limitations period began running on February 17, 2011, the day after the California Supreme Court denied the state habeas petition.  The federal limitations period expired one year later, on February 17, 2012.  Petitioner filed the instant petition on March 1, 2012, thirteen days after the limitations period expired.  Accordingly, this action is time-barred unless petitioner can demonstrate he is entitled to equitable tolling.

III.  Equitable Tolling

Neither party addressed the issue of equitable tolling.

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." Id.  To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  It is petitioner's burden to show that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citations and internal quotation marks omitted).

Despite being granted an extension of time in which to oppose respondent's motion, petitioner failed to file an opposition or otherwise respond to the court's order.  In the petition, petitioner failed to allege any facts demonstrating he is entitled to equitable tolling. (Dkt. No. 1.)  Thus, petitioner failed to meet his burden.

////

////

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 25, 2012 motion to dismiss (dkt. no. 16) be granted, and this action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fraz0932.mtd